IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

United States Courts
Southern District of Texas
**FILED**
MAR 01 2021
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| HECTOR CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ELEMENTIA USA, | § | |
| LLC | § | |
| | § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Hector Castillo, ("Plaintiff" or "Mr. Castillo") files this Original Complaint againstElementia USA, LLC ("Defendant").

### SUMMARY

1. Until February 12, 2020 Mr. Castillo served as Director of Supply Chain and Logistics for Elementia USA. Mr. Castillo worked for Defendant from 2018 - 2020.

2. During that tenure, Plaintiff' performance was good, he was never reprimanded, had a negative review, or was coached about his work, ethics, performance or any other need for improvement.

3. Defendant terminated Mr. Castillo on February 12, 2020, at a meeting with Bob Musselman, (Allura's CEO), and Gilberto Flores, (Elementia USA Vice-President of Human Resources), for the articulated reason that his position was going to undergo an immediate centralization to Mexico, City with Elementia, Mexico as part of the GBS, (Business Global Shares), services initiative of 2020 per corporate instructions.

4. On February 13, 2020, Mr. Castillo's position was posted for replacement at the Houston office, contradicting the articulated reason for his termination.

5. On the same day of February 13, 2020. The Company announced the

appointment of Mr. Leonardo Westherdalh as the new Director of Logistics for Elementia, USA.

6. Mr. Leonardo Westherhalh, is a much younger gentleman than Mr. Castillo who is 46 years old.

7. Mr. Leonardo Westherhalh had been working as a subordinate of Mr. Castillo, as an Inventory Manager prior to the promotion, without the experience, maturity or tenure Mr. Castillo had.

8. The reason for the termination of Mr. Castillo was a sham, and it was a wrongful.

9. Mr. Castillo was discriminated against on the basis of his age (46) when he was terminated to be replaced by a younger person, less qualified, in or about 24 hours from his termination.

10. Mr. Castillo's termination was in violation of Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967.

## THE PARTIES AND JURISDICTION

11. Plaintiff Hector Castillo is a natural person residing within the confines of the Southern District of Texas, Houston Division. Plaintiff has standing to file this lawsuit.

12. Defendant Elementia USA LLC is a Delaware company operating within the confines of the Southern District of Texas, Houston Division.

13. Defendant may be served with this Complaint through its registered agent, Corporate Creations Network, Inc., at 3411 Silverside Rd. Tatnall Building Ste. 104, Wilmington, New Castle, Delaware, 19810.

14. The Court has personal jurisdiction over Defendant based on general jurisdiction.

15. The Court has subject matter jurisdiction over this case based on federal question jurisdiction under Title VII of the Civil Rights Act.

16. Venue is appropriate in the Southern District of Texas, Houston Division, because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

## FACTUAL BACKGROUND

17. Plaintiff worked for Defendant from 2018-2020. When hired, Plaintiff was under the belief that he was going to be working for one company, but upon arrival, he found that there were three other companies working under the same umbrella, and he had to provide support to all of them as part of his duties.

18. Plaintiff supported Allura, a building materials company; Nacobre USA, a metals company; and Giant Cement under the Elementia umbrella. He reported directly to the three CEOs, Bob Mussleman, (Allura CEO), Tim Kuebler, (Giant Cement CEO), and Greg Gallman, (Nacobre CEO), however, Elementia Mexico had direct and indirect lines of reporting that overlap those in the United States.

19. Plaintiff was terminated on February 12, 2020, for the pretextual reason that his position was going to undergo an immediate centralization to Mexico City, with Elementia Mexico as part of the GBS, (Business Global Shares), services initiative of 2020 per corporate instructions.

20. Throughout his tenure, Plaintiff's performance always received good reviews, Mr. Castillo never received a negative review, write ups or corrective measures. He was in fact, offered a month's severance upon termination because he had a clean and positive record, and was told the only reason he was being terminated was that the position was being

centralized.

## TITLE VII / ADEA CLAIM OF AGE DISCRIMINATION

A. **Legal Standards**

21. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

22. Title VII of the Civil Rights Act of 1964 through The Age Discrimination in Employment Act of 1967 prohibits age discrimination by stating that "it is unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

23. Discrimination can be established through direct or circumstantial evidence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

24. Where the plaintiff has not presented direct summary judgment evidence of discrimination, courts apply the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework, to establish a *prima facie* case of race discrimination in a demotion case, a plaintiff must show that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Willis v. Cleco Corp.*, 749 F.3d 314, 319-20 (5th Cir. 2014) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)).

25. After the plaintiff establishes a *prima facie* case, the burden shifts to the

employer to show a legitimate, non-retaliatory reason for the adverse employment action. *Black*, 646 F.3d at 259; *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

26. The burden then shifts back to the plaintiff to show either: "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Black*, 646 F.3d at 259 (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)) (alteration in original).

27. All conditions precedent to this suit have been fulfilled.

**B.  Analysis**

28. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

29. Plaintiff was part of a protected group, was qualified for the job he held, suffered an adverse employment action by being terminated, and was treated objectively worse than similarly situated employees.

**C.  Damages**

30. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

31. Plaintiffs who prevail in a Title VII discrimination claim are entitled to back pay. The purpose of back pay is to "make whole the injured party by placing that individual in the position he or she would have been in but for the discrimination." *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1136 (5th Cir. 1988).

32. Prevailing plaintiffs are also entitled to reinstatement as an equitable remedy. *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 (5th Cir. 1992). If reinstatement is not feasible, front pay will be awarded in a manner consistent with the remedial purposes of the law. *See Brunnemann v. Terra Int'l Inc.*, 975 F.2d 175, 180 (5th Cir. 1992). Unlike back pay, front pay refers to future lost earnings.

33. Prevailing plaintiffs are entitled to compensatory and punitive damages under Title Plaintiff has suffered and continues to suffer economic damages as a result of this breach.

34  Due to the necessity of this suit, Plaintiff has also incurred attorney's fees and court costs. Plaintiff seeks recovery of reasonable attorney's fees and court costs for this litigation and, if necessary, appeal pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009.

## JURY DEMAND

35. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that he be awarded a judgment against Defendant for the following:

- a. Actual damages in the amount of lost back pay, lost benefits, and other economic losses;
- b. Reinstatement or front pay;
- c. Compensatory damages;
- d. Punitive damages;
- e. Prejudgment and post-judgment interest;
- f. Court costs;
- g. Attorney's fees; and
- h. All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Jose C. Molina
Jose C. Molina
Texas Bar no: 24035124
***Pro Hac Vice Motions Forthcoming***
4201 CYPRESS CREEK PKWY
Suite 220
Houston, TX 77068
Phone: (281) 919-1647
Fax: (877) 667-4179
Email: Info@jmolinalaw.com

ATTORNEY FOR PLAINTIFF
HECTOR CASTILLO