**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HECTOR CASTILLO,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21−cv−663** |
| | § | |
| **ELEMENTIA USA LLC** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT ELEMENTIA USA LLC'S MOTION FOR SUMMARY**
**JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT**

Respectfully submitted this
1st day of March 2022,

By: */s/ Jacqueline Del Villar*
**STEPHEN J. ROPPOLO**
Texas Bar No. 00786838
SD ID No. 21694
sroppolo@fisherphillips.com
**JACQUELINE DEL VILLAR**
Texas Bar No. 24101368
SD ID No. 3585421
jdelvillar@fisherphillips.com
**FISHER & PHILLIPS LLP**
**910 Louisiana Street**
**Houston, TX 77002**
(713) 292-0150 Telephone
(713) 292-0151 Fax

**ATTORNEYS FOR DEFENDANT,**
**ELEMENTIA USA LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed on the 1st day of March, 2022, via the Court's CM/ECF system, which generates an electronic service copy automatically to all enrolled counsel of record, including:

Jose Molina
4201 Cypress Creek Parkway
Suite 220
Houston, TX 77068

*/s/ Jacqueline Del Villar*
**JACQUELINE DEL VILLAR**

# TABLE OF CONTENTS

**DEFENDANT ELEMENTIA USA LLC'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT** ....... i

**CERTIFICATE OF SERVICE** ........................................................................ ii

**TABLE OF CONTENTS** ............................................................................ iii

**TABLE OF AUTHORITIES** ........................................................................v

**DEFENDANT ELEMENTIA USA LLC'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT** .......1

**I.   INTRODUCTION AND SUMMARY** ..................................................1

**II.   FACTUAL BACKGROUND** ..............................................................2

  **A.  Plaintiff's Employment with Elementia.** ......................................2

  **B.  Plaintiff's Performance Evaluations Detail His Inability to Sustain Productive Relationships and Accept Constructive Feedback.** .................3

  **C.  Plaintiff's Contemporaneous Termination and Resignation.** ...................5

  **D.  Plaintiff is Replaced with an Employee Who Was Roughly the Same Age.** ...........................................................................................6

  **E.  Plaintiff's Disagreements with Business Decisions by Elementia are Unrelated to His Age Claim.** ..............................................................7

**III.   ARGUMENT AND AUTHORITIES** ...........................................9

  **A.  Summary Judgment Standard.** .....................................................9

  **B.  Plaintiff Cannot Establish an Age Discrimination Claim.** .......................11

    **1.   Legal Standard for ADEA Claims.** ..........................................11

    **2.   Plaintiff Cannot Establish a *Prima Facie* Case of Age Discrimination Because He Was Not .Performing Satisfactorily, Nor Was He Replaced by a  Substantially Younger Employee.** ....................................12

3.  **Plaintiff's Difficulty with Interpersonal Relationships with Company Leadership and Employees is a Legitimate, Non-Discriminatory Reason for his Termination.** ....................................................................14

4.  **Plaintiff Has No Evidence of Pretext for Age Discrimination.** .............16

IV.  **CONCLUSION** ............................................................................................18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc*.,
   477 U.S. 242 (1986) .................................................................................................... 10

*Barfield v. Fed. Express Corp*.,
   351 F. Supp. 3d 1041,1053 (S.D. Tex. 2019) ................................................................ 12

*Baton Rouge Oil & Chem. Workers Un. v. ExxonMobil Corp*.,
   289 F.3d 373 (5th Cir. 2002) ................................................................................... 9, 10

*Carroll v. Sanderson Farms, Inc*.,
   CIVIL ACTION H-10-3108 ............................................................................................ 15

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................... 9, 10, 11

*Eason v. Thaler*,
   73 F.3d 1322 (5th Cir. 1996) ...................................................................................... 10

*Fonteneaux v. Shell Oil Company*,
   CIVIL ACTION No. H-05-4033 ..................................................................................... 14

*Forsyth v. Barr*,
   19 F.3d 1527 (5th Cir.), cert. denied, 513 U.S. 871 (1994) ............................................ 10

*Grizzle v. Travelers Health Network, Inc*.,
   14 F.3d 261 (5th Cir. 1994) ........................................................................................ 17

*Gross v. FBL Fin. Servs., Inc*.,
   557 U.S. 167 (2009) ............................................................................................. 11, 12

*Hazen Paper Co. v. Biggins*,
   507 U.S. 604 (1993) .................................................................................................... 12

*Houchen v. Dallas Morning News, Inc*.,
   Civil Action. No. 3:08-CV-1251-L (N.D. Tex. Apr. 1, 2010) ........................................... 12

*Kentucky Ret. Sys. v. Equal Emp't Opportunity Comm'n*,
   554 U.S. 135 (2008) .................................................................................................... 12

*Lavespere v. Niagara Mach. & Tool Works, Inc.*,
   910 F.2d 167 (5th Cir. 1990) ...................................................................................... 10

*Little v. Liquid Air Corp.*,
   37 F.3d 1069 (5th Cir. 1994) ......................................................................................... 9

*Little v. Republic Refining Co.*,
   924 F.2d 93 (5th Cir. 1991) .................................................................................. 17

*McMichael v. Transocean Offshore Deepwater Drilling, Inc*.,
   934 F.3d 447 (5th Cir. 2019) ............................................................................... 11

*Miller v. Raytheon Co*.,
   716 F.3d 138 (5th Cir. 2013) ............................................................................... 11

*Moss v. BMC Software, Inc*., 610 F.3d 917, 928 (5th Cir. 2010) ............................ 16

*Nobles v. Cardno, Inc*.,
   549 Fed. Appx. 265 (5th Cir. 2013) .................................................................... 17

*O'Connor v. Consolidated Coin Caterers Corp.*,
   517 U.S. 308 (1996) ....................................................................................... 13, 14

*Oliver v. Scott*,
   276 F.3d 736 (5th Cir. 2002) ............................................................................... 10

*Petross v. United Supermarkets, Ltd*.,
   Civil Action No. 1:04-CV-100-C (N.D. Tex. Aug. 16, 2004) ............................. 16

*Rachid v. Jack in the Box, Inc.*,
   376 F.3d 305 (5th Cir. 2004) ............................................................................... 14

*Rhodes v. Guiberson Oil Tools*,
   75 F.3d 989 (5th Cir. 1994) ................................................................................. 16

*Russell v. McKinney Hosp. Venture*,
   235 F.3d 219 (5th Cir. 2000) ............................................................................... 13

*Strong v. University Healthcare Sys*.,
   482 F.3d 802, 804–05 (5th Cir.1997) .................................................................. 15

*Tolan v. Cotton*,
   134 S.Ct. 1861 (2014) ............................................................................................ 9

*Waggoner v. City of Garland, Tex.*,
   987 F.2d 1160 (5th Cir. 1993) ............................................................................. 16

*Wallace v. Methodist Hosp. Syste*m,
   271 F.3d 212 (5th Cir. 2001) ............................................................................... 17

*Washington v. Armstrong World Industries, Inc*.,
   839 F.2d 1121 (5th Cir. 1988) ............................................................................. 11

**Statutes**

ADEA .............................................................................................................. *passim*

Age Discrimination in Employment Act of 1967 .......................................... *passim*

Civil Rights Act of 1964, Title VII Title VII ................................................................. 1

**Other Authorities**

FED. R. CIV. P. 56(a) ...................................................................................................... 9

FED. R. CIV. P. 56 (a), (c) ............................................................................................ 11

Federal Rule of Civil Procedure 56 ............................................................................ 1, 9

Local Civil Rule 7 ......................................................................................................... 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HECTOR CASTILLO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21−cv−663 |
| | § | |
| ELEMENTIA USA LLC | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT ELEMENTIA USA LLC'S MOTION FOR SUMMARY**
**JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendant Elementia USA LLC (hereinafter referred to as "Elementia" or "Defendant") submits this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7 and, for the reasons stated herein, respectfully requests that this Court dismiss the claim of Plaintiff Hector Castillo ("Plaintiff" or "Castillo") with prejudice.

## I.    INTRODUCTION AND SUMMARY

Plaintiff filed this employment discrimination lawsuit against Elementia on March 1, 2021 alleging that he was wrongfully terminated based on his age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 1. Plaintiff's central

---

[1] Title VII does not prohibit age discrimination; that statute is inapplicable here. In this Motion, Defendant will address Castillo's claims of age discrimination under the ADEA.

1

allegations are that he was terminated under false pretenses and replaced by someone younger and less qualified. *Id.* at ¶¶8-9. This is incorrect.

Plaintiff was terminated for performance issues that included his failure to sustain productive relationships with corporate leadership and his unwillingness to receive constructive feedback. Plaintiff's own deposition testimony and sworn affidavit supports this rationale. Further, Plaintiff was replaced by his direct report Leonardo Westerdahl who, at 43 years old, was only two years younger than Plaintiff and whom Plaintiff himself described as a capable employee who excelled in some areas.

Plaintiff's claim of age discrimination is entirely unsupported by the evidence and must be dismissed as a matter of law. Notably, Plaintiff has no evidence his age played any role in his termination (indeed, his own explanation for his separation does not even mention age) and he cannot show that he was replaced by someone materially younger or treated less favorably than a similarly-situated younger employee, which is fatal to his claim. Accordingly, as more fully set forth below, Plaintiff's sole discrimination claim must be dismissed on summary judgment.

## II.    FACTUAL BACKGROUND

### A. Plaintiff's Employment with Elementia.

Plaintiff was hired by Elementia on February 2018 for the position of Supply Chain Director and was at all times an at-will employee. Ex. A at 33:15-34:24; Ex.

B; Ex. C. Plaintiff was 43 years old when he was hired. *See* Ex. A at 10:23-24; Ex. D. At the time of hire, Plaintiff received an employee handbook detailing Elementia's anti-discrimination policies, the methods by which any such discrimination could be reported, and its open-door policy. *See* Ex. E; Ex. G. Although Plaintiff initially reported to Jessica Navascues, after her departure as Elementia CEO in August 2018 he reported to Robert Musselman for the remainder of his employment with Elementia. *See* Ex. B.

In his role as Supply Chain Director, Plaintiff worked closely with Elementia's parent company in Mexico, including Maria Del Rocio Espinoza Pena, the Corporate Director of Supply Chain for Elementia's parent organization in Mexico. Plaintiff's initial salary at Elementia was $125,000 with an eligibility for a maximum potential bonus of $38,461.53 based on performance results and at the time of his termination, Plaintiff received a salary of $158,249.71. Ex. B; Ex. I. Plaintiff was 45 years old at the time of his termination. *See* Ex. A at 23-24.

### B. Plaintiff's Performance Evaluations Detail His Inability to Sustain Productive Relationships and Accept Constructive Feedback.

During his time at Elementia, Plaintiff's inability to accept feedback and direction created meaningful challenges in sustaining productive and efficient relationships with company leaders, something which is vital for a company like Elementia which works with many international affiliates. *See* Ex. J. Despite receiving some positive feedback from his supervisor, it was clear that Plaintiff's

interpersonal skills and his acceptance of feedback and direction from his superiors were lacking. *See Id.* Specifically, in Plaintiff's performance appraisal for 2018, Musselman noted various concerns regarding Plaintiff's inability to receive constructive feedback and lack of self-awareness in regard to his interpersonal and leadership skills. *Id.* Musselman specifically noted that:

> Hector seems at times to take feedback as a personal attack [and] [t]he fact that Hector evaluated himself at a much higher level than the CEO speaks to a lack of self-awareness and understanding that doing what is expected in the position is not exceptional it is expected. *Id.*

Further feedback provided to Plaintiff in his performance appraisal also stated that:

> Hector needs to work on being overly sensitive to input from shareholders, his team see[m]s to struggle with his lack of clear direction even though Hector believes that everyone is on the same page. I would suggest that Hector actively listen to the shareholders and members of his team to clearly hear what they are expecting. *Id.*

> Once again I would challenge Hector to have one on one meetings with his team and shareholders and actively listen to what they are saying without comment. The disconnect between where Hector believes he is vs the actual reality is a concern. *Id.*

> []Hector at times seems to be overwhelmed and must be able to handle the responsibilities of his position without disruption. Ex. J.

Although Plaintiff contends in his Complaint that he "never received a negative review," he testified in his deposition that he was provided the 2018 Performance Appraisal, which he signed, and that he agreed with most of these comments. Dkt. 1 at ¶20; Ex. A at 75:14-76:17.

Despite this explicit feedback in March 2019, Castillo's approach did not change. For example, in August 2019, when the Corporate Director of Supply Chain for Elementia's parent organization in Mexico (Plaintiff's indirect supervisor, Espinoza Pena) directed him to include her team in critical processes in which Plaintiff was involved, he refused. *See* Ex. K.  Plaintiff failed to see this as a direct request from a colleague (and, technically, his superior) and instead told Ms. Espinoza that he would "gladly invite" her and her team members into the process *but only after* they assented to his strategy of gradually introducing her team. *Id*; Ex. A at 83:1-85-7. It was not until after several phone calls were made by Ms. Espinoza's team that Plaintiff assented. *See* Ex. K.

### C. Plaintiff's Contemporaneous Termination and Resignation.

Elementia began to process Plaintiff's termination in February 2020 after his performance failed to improve to its satisfaction. *See* Ex. L. When Plaintiff called in sick several days during early February, his termination was delayed until he could report to the office in person. *See* Ex. M. On the morning of February 12, 2020, Plaintiff met with Claudia Sainz, the corporate human resources officer for Elementia's Mexican parent company, to discuss his concerns. Ex. A. at 150:3-14.[2] Plaintiff testified that during the conversation with Ms. Sainz, he complained about

---

[2] Without alerting Ms. Sainz, Plaintiff recorded parts of this conversation despite Elementia's policy prohibiting recording devices during administrative investigations. Ex. N. Plaintiff admitted to deleting the original recording of this call after providing a copy to his attorney. Ex. A at 144:11-145:1.

what he believed to be unfair treatment by Elementia, but he made no allegations of age discrimination and, indeed, Castillo's age did not come up at all. Ex. A. at 151:1-16. Later that afternoon, around 1:40 p.m., Plaintiff's direct supervisor Mr. Musselman and the former Vice President of Human Resources, Gilberto Flores, met with Plaintiff and informed him of his termination. Ex. O; Ex. A at 87:6-88:7.

Unbeknownst to Mr. Musselman and Mr. Flores, that same day Fernando Ruiz Jacquez, the CEO of Elementia's parent company in Mexico had received a lengthy resignation email from Plaintiff that included a four-page single-spaced attachment detailing Plaintiff's concerns. Ex. P.[3] Nowhere in this email or attachment does Plaintiff state having any concerns regarding discrimination based on age. *Id*.

### D. Plaintiff's is Replaced with an Employee Who Was Roughly the Same Age.

On or about February 13, 2020, Elementia posted Plaintiff's vacant position to their internal site. Mr. Leonardo Westerdahl, Plaintiff's former subordinate, served as the interim Director of Supply Chains and Logistics after Plaintiff's termination and, after applying to the open position, Mr. Westerdahl was promoted to permanently fill the position on March 11, 2020. Ex. Q. Mr. Westerdahl was 43

---

[3] Although Plaintiff denies sending this email, Plaintiff admits that it came from his email account and that he drafted the contents of the attachment. Ex. A at 94:100:15. Further, Plaintiff points to specific grammatical and font changes as evidence that he did not draft this email, yet many other emails sent by Plaintiff show that they often contain identical font changes. Ex. Q. Additionally, Plaintiff's access to his email was not terminated until after 3:42 pm when Christina Mercado, HR, sent an email to Elementia's HR team advising them to terminate Plaintiff's access to their servers and accounts. Ex. R**.**

years old at the time of his promotion. Ex. H. Mr. Westerdahl was supervised by Plaintiff throughout the entirety of Plaintiff's employment with Elementia. Ex. A at 129: 8-13. In his sworn testimony, Plaintiff described Mr. Westerdahl as "a little bit above standard employee" whom he never wrote up for anything and a generally competent employee that excelled in some areas. Ex. A at 129:11-130:16.

### E. Plaintiff's Disagreements with Business Decisions by Elementia are Unrelated to His Age Claim.

Plaintiff has two arguments to support his claim of age discrimination: (1) that the articulated reason for his termination was a "sham" and (2) his mistaken belief that Mr. Westerdahl was a substantially younger employee. Dkt. 1 at ¶¶ 6, 9. Throughout the course of this litigation Plaintiff has continuously expanded on the articulated reasons he was provided for his termination, yet despite being given multiple opportunities to assert examples of disparate treatment based on age, *none* of his many accounts allege that his termination was because of his age.

Although in his Complaint Plaintiff alleged that the only reason provided for his termination was the "immediate centralization" of his position, his own testimony and documents establish this was not the case. In his EEOC complaint dated December 1, 2021 he admitted that he was discharged from his position for "not establishing a good relationship with [Elementia's] parent company." Ex. S. Similarly, in an inquiry form to the EEOC Plaintiff stated "[h]e was told that he was

being let go because [] he could not establish a good relationship with Allura[4] Mexico." Ex. T.   In his deposition, Plaintiff testified that he was given several reasons for his termination including because he "couldn't get along with Mexico." Ex. A at 170:10-172:3. In his response to Defendant's Interrogatory No. 13, Plaintiff again admits that he ". . . was told that [his] termination was due to [his] lack of understanding and agreement with Mexico decisions and acceptance of their initiatives." Ex. U. He goes on to state that although "the decision had been taken since October 2019 [] it had been prolonged to see if [he] could change [his] approach." *Id*.   Finally, in a sworn affidavit dated September 2020, Plaintiff again testified that he "strongly believed the real reasons behind his termination" were his alleged truthful reporting and exposure of what he perceived to be "discrepancies generated by corporate involvement and guidance that continuously appeared as fraudulent and hidden intentions." Ex. V at ¶7. In that same paragraph, Plaintiff goes on to admit that although the "US business unit was continuously under strict and severe observations and audits" this never "resulted in any wrong doing." *Id*.

Notably, despite Plaintiff's opinion on the appropriateness of Elementia's business strategy and the adequacy of the reasons for his termination, none of his explanations of Defendant's treatment of him even mention his age, much less provide evidence to support his age discrimination claim.

---

[4] Allura and Elementia USA are affiliated companies under the Mexican parent umbrella.

## III.    ARGUMENT AND AUTHORITIES

### A. Summary Judgment Standard.

Elementia moves for summary judgment on Plaintiff's sole discrimination claim (age). Under Federal Rule of Civil Procedure 56, summary judgment is proper when the movant shows there are no genuine disputes of material fact and that the movant is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Baton Rouge Oil & Chem. Workers Un. v. ExxonMobil Corp*., 289 F.3d 373, 375 (5th Cir. 2002).

If the movant establishes the absence of any genuine issue, the burden shifts to the nonmovant to produce evidence of the existence of a genuine issue for trial. *Celotex Corp*., 477 U.S. at 321-25. The nonmovant's burden is not satisfied by identifying some insubstantial doubt as to the material facts by conclusory allegations, unsubstantiated assertions or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  The nonmovant must demonstrate there is a genuine dispute of material fact and not merely allege there is a factual dispute. *Cotton*, 134 S.Ct. at 1866.  There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative,

summary judgment must be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted).

While the court does not make credibility determinations, mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) ("[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994).

If the plaintiff bears the burden of proof at trial, as in this case, a defendant may demonstrate it is entitled to summary judgment by submitting evidence negating the plaintiff's claim or pointing to the absence of evidence necessary to support plaintiff's case. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). The court may grant summary judgment when the nonmovant cannot establish an element essential to its case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 317 U.S. at 322-23; *ExxonMobil Corp.*, 289 F.3d at 375. Failure of proof on an essential element renders all other

facts immaterial because there is no longer a genuine issue of material fact. *Washington v. Armstrong World Industries, Inc*., 839 F.2d 1121, 112 (5th Cir. 1988).

Summary judgment is designed to isolate and dispose of factually unsupported claims. *Celotex Corp*., 317 U.S. at 323-24; *see* FED. R. CIV. P. 56 (a), (c). Under this standard, Plaintiff's claim fails.

### B. Plaintiff Cannot Establish an Age Discrimination Claim.

1. Legal Standard for ADEA Claims.

The Age Discrimination in Employment Act ("ADEA") prohibits employers from "discriminating against any individual because of his or her age." *Miller v. Raytheon Co*., 716 F.3d 138, 144 (5th Cir. 2013). To establish an ADEA claim, the plaintiff "must prove by a preponderance of the evidence . . . that age was the 'but for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167, 180 (2009). When, as here, Plaintiff does not have direct evidence of discrimination, the claims must be governed by the *McDonnell Douglas* burden-shifting framework. Consequently, to establish a claim of age discrimination, Plaintiff must establish a *prima facie* case, and must show that Elementia's legitimate, non-discriminatory reason for its termination decision was pretext for discrimination. *McMichael v. Transocean Offshore Deepwater Drilling, Inc*., 934 F.3d 447, 456 (5th Cir. 2019).

Notably, a mixed-motive analysis is not available under the ADEA. *Gross*, 557 U.S. at 177. In other words, it is not enough for a plaintiff to show that age was one motivating factor in the adverse employment action. *Id*. "The ultimate burden of persuasion remains on the plaintiff to prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Barfield v. Fed. Express Corp.*, 351 F. Supp. 3d 1041,1053 (S.D. Tex. 2019) (internal citations omitted). In other words, Plaintiff's claim cannot succeed unless his age actually played a role in the process and was a determinative factor as to the outcome. *Kentucky Ret. Sys. v. Equal Emp't Opportunity Comm'n*, 554 U.S. 135, 142 (2008); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

2. <u>Plaintiff Cannot Establish a *Prima Facie* Case of Age Discrimination Because He Was Not Performing Satisfactorily, Nor Was He Replaced by a Substantially Younger Employee.</u>

Plaintiff was not wrongfully terminated by Elementia in violation of the ADEA, and as such, Plaintiff cannot establish a *prima facie* case of age discrimination. In termination cases, the elements of a *prima facie* age discrimination case are typically that the plaintiff was: (1) within the protected class of individuals 40 or older; (2) qualified for the position or performing satisfactory work; (3) terminated from employment; and (4) replaced by a younger person, although not necessarily one less than 40 years of age. *Houchen v. Dallas Morning*

*News, Inc.*, Civil Action. No. 3:08-CV-1251-L, at *7 (N.D. Tex. Apr. 1, 2010); *see also Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223-224 (5th Cir. 2000).

As is explicitly stated in his 2018 Performance Evaluation, Plaintiff was not performing satisfactorily, specifically as it related to his interpersonal communication skills and leadership ability. *See* Ex. J. His inability to work collaboratively with his colleagues in the U.S. and Mexico resulted in tense interactions with his peers and supervisors. Plaintiff refused to accept and support the initiatives and business decisions of company leaders as demonstrated by his hesitation and refusal to allow his indirect supervisor, Espinoza Pena, and her team to participate in the critical S&OP process. Ex. K.

Further, Plaintiff was not replaced by a substantially younger employee. Instead, Mr. Westerdahl who was 43 years old at the time he replaced Plaintiff, was only two years younger than Plaintiff at the time of termination. Ex. H. A *prima facie* case under the ADEA requires evidence adequate to create an inference that an employment decision is based on an illegal discriminatory criterion, which cannot be drawn from the replacement of one worker with another worker who is insignificantly younger. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). To make out the fourth prong of a prima facie case of age discrimination, the employee must have either been replaced by a substantially younger employee with equal or inferior qualifications or discharged under

circumstances otherwise giving rise to an inference of discrimination. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). The U.S. Supreme Court has held that a three-year difference in age between the plaintiff and the replacement worker is insufficient to permit an inference of age discrimination. *O'Connor*, *supra* at 312-313. Many courts have found that minimal age differences that are less than ten years between the plaintiff and the replacement worker do not permit an inference of age discrimination. *See Fonteneaux v. Shell Oil Company*, 2007 WL 2427971, at *6 (S.D. Tex. Aug. 22, 2007), on reconsideration in part, 2007 WL 7210406 (S.D. Tex. Dec. 14, 2007), aff'd, 289 Fed. Appx. 695 (5th Cir. 2008) and aff'd, 289 Fed. Appx. 695 (5th Cir. 2008) (finding 8 years not to be substantially older).

For these reasons, Plaintiff fails to meet his *prima facie* burden and his age discrimination claim must fail.

3. <u>Plaintiff's Difficulty with Interpersonal Relationships with Company Leadership and Employees is a Legitimate, Non-Discriminatory Reason for his Termination.</u>

Even had Plaintiff made out a *prima facie* case, Elementia has established a legitimate business reason for Plaintiff's termination. Elementia terminated Plaintiff based on his unwillingness to establish productive relationships with company leaders, support Elementia's business initiatives, and be receptive to feedback from his supervisors. *See* Ex. J. As stated in Plaintiff's own words in his EEOC Charge,

he was discharged from his position for "not establishing a good relationship with [Elementia's] parent company." Ex. W. In his deposition Plaintiff also testified that he was terminated for disagreeing with business decisions:

> **Q:** [] The other reason that they also gave you for your termination is that the relationship with other employees in Mexico was not to their agreement, is that correct?
> **A:** Yes.
> Ex. A at 212:11-15.
>
> **Q:** Okay. And, so, you feel that you were discriminated based on age because they gave you different reasons, but you feel the real reason was because you pushed back on these business decisions that you didn't agree with, right?
> **A.** I was wrongfully terminated yes.
> **Q**: Okay. And you feel that you were wrongfully terminated because you pushed back on these business decisions that you did not agree with?
> **A.** I was wrongfully terminated for doing my job and pushing back, yes.
> **Q**. Okay. So you do agree with my statement, right?
> **A.** Yes.
> Ex. A at 212:19-213:5.

An employee's inability to get along with co-workers, difficulty with impersonal relations, and complaints about an employee from her peers or subordinates are legitimate, nondiscriminatory reasons for termination of employment. *See, e.g., Strong v. University Healthcare Sys*., 482 F.3d 802, 804–05 (5th Cir.1997) (management's receipt of numerous complaints about a nurse from co-workers and patients was a legitimate, nondiscriminatory reason for discipline and discharge); *See also McMichael v. Transocean Offshore Deepwater Drilling, Inc.,* 934 F.3d 447, 460 (5th Cir. 2019) ("The ADEA does not "protect older

employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated.").

Simply put, Plaintiff's disagreement with business decisions taken by Elementia's leadership pushed him to create an acrimonious relationship with company leaders which ultimately led to his termination.

While Plaintiff may disagree with the reasons for his termination, they are nonetheless legitimate, non-discriminatory reasons that are not probative of age discrimination. The Fifth Circuit has explained that "[to establish an ADEA claim, the plaintiff must show that his age was the "but-for" cause of his termination—proving that age was a "motivating factor" for the decision is not enough." *McMichael v. Transocean* at 455 citing to *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009) (holding that a "plaintiff must prove by a preponderance of the evidence ... that age was the 'but-for' cause of the challenged employer decision"); *see also Moss v. BMC Software, Inc.*, 610 F.3d 917, 928 (5th Cir. 2010) ("[T]he Supreme Court rejected the application of Title VII's 'motivating factor' standard to ADEA cases." (citing *Gross*, 557 U.S. at 173–78, 129 S.Ct. 2343)).

4.    Plaintiff Has No Evidence of Pretext for Age Discrimination.

Not only does Plaintiff offer no proof of pretext, there is simply no reasonable basis for Plaintiff to believe that he was subjected to age discrimination. In an effort

16

to create a fact issue to preclude summary judgment, Plaintiff attempts to correlate

his disagreement with Elementia's business decisions with his age. When asked to

explain the basis for his belief that he was subjected to age discrimination, Plaintiff

testified as follows:

> **Q:** Okay. And, so, you believe that you were discriminated because of your age because you disagreed with these business decisions?
> **A:** I believe that I was discriminated on my age because of the fact that my generation does what's right. We don't look at this as gray areas; we look at it as black and white. If it's illegal and it's not the right thing to do, then we just don't do it.
> Ex. A at 119:2-9.

But Plaintiff's speculations about the ethics or moralities of different generations are

simply unrelated to his claim and insufficient to prove pretext. *See Nobles v. Cardno,*

*Inc.,* 549 Fed. Appx. 265, 267 (5th Cir. 2013) (per curium) (holding that plaintiff

"must do more than speculate; he must prove that the articulated reasons for his

termination are a pretext. Mere subjective assertions, without more, are insufficient."

(citing *Waggoner v. City of Garland, Tex.,* 987 F.2d 1160, 1164 (5th Cir. 1993))).

Plaintiff also attempts to reframe his combative style with his superiors as age

discrimination by claiming that the only reason why business management pushed

back on his feedback was due to his age. Ex. A at 122:10-24.  However, Plaintiff's

speculation and "self-serving generalized testimony" regarding his subjective beliefs

that discrimination occurred is insufficient to avoid summary judgment.[5] *Grizzle v. Travelers Health Network, Inc*., 14 F.3d 261, 268 (5th Cir. 1994). The Fifth Circuit has held that a "plaintiff's conclusory assertions of less favorable treatment, absent specific examples, are insufficient to establish discrimination." *Wallace v. Methodist Hosp. Syste*m, 271 F.3d 212, 225 (5th Cir. 2001); *see also Little v. Republic Refining Co.*, 924 F.2d 93, 96 (5th Cir. 1991) ("An age discrimination plaintiff's own good faith belief that his age motivated his employer's action is of little value.")

## IV.   CONCLUSION

Because Plaintiff cannot show that he was replaced by a substantially younger employee, he has not met his burden of establishing a *prima facie* case of age discrimination. As described above, even if he had met this burden, he concurs with Elementia's articulated legitimate, nondiscriminatory reasons for his termination, and he has not rebutted them as pretextual, summary judgment is proper. The facts relating to Plaintiff's ADEA claim fail to create a genuine issue of material fact sufficient to withstand summary judgment.

---

[5] Indeed, a declaration from a plaintiff is a classic example of "self-serving testimony," since he and his counsel can craft the testimony with no cross-examination from Defendant's counsel. Here, Plaintiff submits such a declaration. Ex. V. Yet, Plaintiff mentions *nothing about his age* in connection with his treatment by Elementia. Not only does he fail to identify any facts supporting a conclusion that age was the determining factor, he does not even speculate or provide an opinion suggesting that it was. The declaration demonstrated that Plaintiff himself believes he was terminated for other, non-age-related reasons. *Id.*

For the reasons set forth above, Elementia USA LLC moves this Court to grant its Motion for Summary Judgment, dismiss with prejudice Plaintiff's claim in its entirety, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 1st day of March, 2022.

*/s/ Jacqueline Del Villar*
**STEPHEN J. ROPPOLO**
Texas Bar No. 00786838
SD ID No. 21694
sroppolo@fisherphillips.com
**JACQUELINE DEL VILLAR**
Texas Bar No. 24101368
SD ID No. 3585421
jdelvillar@fisherphillips.com
**FISHER & PHILLIPS LLP**
**910 Louisiana Street**
**Houston, TX 77002**
(713) 292-0150 Telephone
(713) 292-0151 Fax
**ATTORNEYS FOR DEFENDANT,**
**ELEMENTIA USA LLC**