United States District Court
Southern District of Texas
**ENTERED**
April 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HECTOR CASTILLO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-21-663 |
| § | |
| ELEMENTA USA LLC, § | |
| § | |
| Defendant. § | |

ORDER

Pending before the Court is Defendant Elementa USA LLC's Motion for Summary Judgment and Incorporated Memorandum in Support (Document No. 14). Having considered the motion, submissions, and appliable law, the Court determines the motion should be granted.

I. BACKGROUND

This is an employment dispute. In February 2018, Plaintiff Hector Castillo ("Castillo") was hired by Defendant Elementa USA LLC ("Elementa") as a Supply Chain Director. On February 12, 2020, Castillo met with Claudia Sainz, a human resource office for Elementa's Mexican parent company, during which Castillo allegedly complained about unfair treatment by Elementa. Later that day, Castillo met with Robert Musselman, Castillo's direct supervisor, and Gilberto Flores, a Vice President of Human resources at the time, where Musselman and Flores informed

Castillo of his termination. Castillo was forty-six at the time of his termination. Leonardo Westerdahl ("Westerdahl"), Castillo's former subordinate, was appointed to fill Castillo's position in the interim. On March 11, 2020, Westerdahl was a hired to fill the position permanently. Westerdahl was forty-three at the time he replaced Castillo. On December 21, 2020, Castillo filed a charge with the Equal Employment Opportunity Commission (the "EEOC"), alleging age discrimination as the basis for his termination.

Based on the foregoing, on March 1, 2021, Castillo filed suit asserting claims for: (1) age discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); and (2) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"). On March 3, 2022, Elementa moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific

facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of

its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

Elementa contends: (1) Castillo's age discrimination claim under Title VII fails as a matter of law; and (2) Castillo fails to make a prima facie case for his age discrimination claim under the ADEA; but even if he could, (3) he fails to show Elementa's reasons for his termination are pretextual. Castillo contends he as created a genuine issue of material fact sufficient to prevent summary judgment.

A.   *Title VII Age Discrimination Claim*

Elementa contends Title VII is inapplicable to Castillo's age discrimination claim. Title VII protects employees from discrimination based on race, color, religion, sex, and national origin. *See Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). However, Title VII does not prohibit discrimination based on age. Further, Castillo does not address Elementa's argument regarding the applicability of Title VII to his age discrimination claim in his response to the motion for summary judgment. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Thus, the Court finds Castillo's age discrimination claim under Title VII fails as a matter of law. Accordingly, summary judgment is granted as to Castillo's Title VII claim.

B.  *ADEA Discrimination Claim*

Elementa contends: (1) Castillo fails to make a prima facie case of age discrimination because he cannot show he was replaced by someone who was substantially younger than him; but (2) even if he could make such a showing, he fails to show Elementa's reasons for his termination were pretextual. Castillo contends: (1) he was replaced by a younger, less qualified person; and (2) the reasons Elementa gave for his termination were pretextual.

To make out a *prima facie* case of age discrimination, the plaintiff must demonstrate: "(1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees." *See Gonzales v. Wells Fargo Bank, Nat'l Ass'n*, 733 F. App'x 795, 797 (5th Cir. 2018) (per curiam) (quoting *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003)). A prima facie case of discrimination claims requires sufficient evidence "to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion." *Teamsters v. United States*, 431 U.S. 324, 358 (1977). Thus, with respect to age discrimination, "such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). Several courts have held age differences of ten years or less are not significant

enough to establish a prima facie case of age discrimination. *Fonteneaux v. Shell Oil Co.*, 289 F. App'x 695, 700 (5th Cir. 2008) (affirming summary judgment on age discrimination claim with an age difference of eight years); *see also Williams v. Raytheon Co.*, 220 F.3d 16, 20 (1st Cir. 2000) (finding a "three year age difference is too insignificant to support a prima facie case of age discrimination"); *Schiltz v. Burlington N. R. R.*, 115 F.3d 1407, 1413 (8th Cir. 1997) (holding a five year age difference is not substantial and does not raise an inference of discrimination).

On February 20, 2020, Castillo was terminated, and he was forty-six at the time. Roughly a month after Castillo's termination, Westerdahl, Castillo's subordinate whom he described as good employee, was promoted to Castillo's former position.[1] It is undisputed Castillo was a member of a protected class under the ADEA at the time of his termination. While Elementa does produce a resignation email from Castillo's email account sent to Elementa's parent company's President,[2] Castillo denies sending it.[3] The Court assumes, without deciding, Castillo did not resign, and thus, he suffered an adverse employment action under ADEA when

---

[1] *Defendant Elementa USA LLC's Motion for Summary Judgment and Incorporated Memorandum in Support*, Document No. 14-2, Exhibit A at 129:11–130:16.

[2] *Defendant Elementa USA LLC's Motion for Summary Judgment and Incorporated Memorandum in Support*, Document No. 14-16, Exhibit P at 2–8.

[3] *Plaintiff's Response to Defendant's Motion for Summary Judgment*, Document No. 15-3, ¶ 5.

6

Elementa terminated his employment. However, Elementa also produces evidence showing Westerdahl is three years younger than Castillo and was also over forty at the time he was promoted to replace Castillo.[4]

Castillo concedes Westerdahl's age is a dispositive issue but contends the supporting affidavit evincing Westerdahl's age is insufficient to establish Westerdahl's age.[5] However, Westerdahl's declaration, made under penalty of perjury, is competent summary judgment evidence. *See* 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("A statutory exception to [the rule that an unsworn affidavit is not competent evidence] exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein in made 'under penalty of perjury' and verified as 'true and correct.' "). In his response, Castillo does not produce any controverting evidence as to Westerdahl's age. Thus, the Court finds Castillo fails to show he was replaced by someone who was significantly younger than him. *Fonteneaux*, 289 F. App'x at 700. Consequently, the Court further finds Castillo fails to produce evidence sufficient to create an inference Elementa's decision to terminate Castillo

---

[4] *Defendant Elementa USA LLC's Motion for Summary Judgment and Incorporated Memorandum in Support*, Document No. 14-8, Exhibit H, ¶ 4 (*Declaration of Leonardo Westerdahl*).

[5] *Plaintiff's Response to Defendant's Motion for Summary Judgment*, Document No. 15 at 5–6.

was based on his age. *O'Connor*, 517 U.S. at 313. Therefore, the Court finds Castillo fails to establish a prima facie case of age discrimination under the ADEA. Accordingly, summary judgment as to Castillo's age discrimination claim is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Elementa USA LLC's Motion for Summary Judgment and Incorporated Memorandum in Support (Document No. 14) is **GRANTED**.

**THIS IS A FINAL JUDGMENT.**

Signed on April 5, 2022, at Houston, Texas.

_____
David Hittner
United States District Judge